# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LARRY BARLOW (A81024),<br><br>Petitioner,<br><br>v.<br><br>STEPHANIE DORETHY, WARDEN, and KWAME RAOUL, ATTORNEY GENERAL OF THE STATE OF ILLINOIS,<br><br>Respondents. | Case No. 19-cv-04011<br><br>Judge Martha M. Pacold |

## MEMORANDUM OPINION AND ORDER

Petitioner Larry Barlow, in custody at Hill Correctional Center, filed a pro se petition for habeas corpus under 28 U.S.C. § 2254. [2]. The Warden moved to dismiss the petition as untimely. [19]. For the following reasons, the motion to dismiss the petition as untimely is granted, the petition is dismissed, and the court declines to issue a certificate of appealability.

## Background

In 2011, Barlow was convicted of first-degree murder after a jury trial in the Circuit Court of Cook County and sentenced to 80 years in prison—55 years for first-degree murder and a consecutive firearm enhancement of 25 years. [23-1] ¶¶ 1, 9–15.[1] On direct appeal, on October 25, 2013, the Illinois Appellate Court granted appellate counsel's (the State Appellate Defender's) motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1987), and affirmed Barlow's conviction and sentence, except for correcting the mittimus to properly reflect the 25-year consecutive firearm enhancement. [23-1] ¶¶ 2, 13–15. Barlow filed a petition for leave to appeal (PLA) to the Illinois Supreme Court. [23-2]. The Illinois Supreme Court denied the PLA on January 29, 2014. [23-2] at 10.

---

[1] Bracketed numbers refer to entries on the district court docket and are followed by the page and / or paragraph number. Page number citations refer to the ECF page number.

On September 24, 2014, Barlow filed a petition for post-conviction relief under 725 ILCS 5/122-1 *et seq.* [23-3]; *see also id.* at 9, 37.[2] The trial court dismissed the petition. [23-4] ¶¶ 1, 26. The Illinois Appellate Court affirmed. [23-4] ¶¶ 1, 44–45. Barlow filed a PLA to the Illinois Supreme Court. [23-5]. The Illinois Supreme Court denied the post-conviction PLA on March 21, 2018. [23-5] at 36.

Barlow filed a federal habeas petition. [2]. The petition was postmarked June 10, 2019. [2-1] at 10. The petition appears to include at least the following claims: (1) ineffective assistance of trial counsel; (2) the State's withholding of favorable evidence; (3) denial of a fair trial due to the trial court's admission of testimony by Detective Hughes and a videotaped statement by Barlow; (4) the State's improper statements at closing argument; (5) denial of due process as a result of the jury's general verdicts; and (6) ineffective assistance of appellate counsel. [2] at 11. The petition asserts violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the federal Constitution and provisions of the Illinois Constitution. *Id.*

The Warden moved to dismiss the petition as untimely. [19]. Barlow filed a response. [26].

## Discussion

### I. Timeliness

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--" certain dates set forth in the statute, including as relevant here, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] The statute also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2); *see also Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002). State law governs whether an application is pending for federal habeas purposes. *Wilson*, 302 F.3d at 747.

---

[2] The circuit court clerk filed Barlow's postconviction petition on October 9, 2014. But as the Warden notes, the mailbox rule applies to postconviction petitions in Illinois. *See Gruszeczka v. Ill. Workers' Comp. Com'n*, 992 N.E.2d 1234, 1241 n.3 (Ill. 2013).

[3] There is no indication that the other dates set forth in the statute, § 2244(d)(1)(B), (C), or (D), apply here.

Barlow's conviction became final on April 29, 2014—90 days after the Illinois Supreme Court denied the PLA on direct appeal (on January 29, 2014, [23-2] at 10). *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) ("the ninety day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of section 2244(d)(1)(A) for purposes of calculating when the statute of limitations begins to run"); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The limitations period then ran for 148 days until September 24, 2014, when Barlow filed the petition for post-conviction relief. [23-3] at 9, 37.

The post-conviction petition in state court tolled the statute of limitations until March 21, 2018, when the Illinois Supreme Court denied the post-conviction PLA. [23-5] at 36. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("State review ends when the state courts have finally resolved an application for state postconviction relief."); *Wilson*, 302 F.3d at 747–48. The limitations period began running again on March 22, 2018. The final day of the limitations period was October 24, 2018.

The habeas petition was filed after the limitations period concluded. "[T]he *Houston* [*v. Lack*, 487 U.S. 266 (1988)] mailbox rule . . . extend[s] to prisoners filing *pro se* habeas petitions, and, for statute of limitations purposes, a petition is deemed filed when given to the proper prison authorities and not when received by the district court clerk." *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999). The signature pages of the petition and the proof of service are not dated, [2-1] at 10, 12, 13, but the petition was postmarked June 10, 2019, [2-1] at 1. The petition may have been given to the proper prison officials before the day it was postmarked. An accompanying *in forma pauperis* application includes a certificate dated May 8, 2019 by a Hill Correctional Center official. [4] at 4–5. The date of the certificate on the IFP application was not completed by Barlow and is not the date of the IFP application, which is not dated. [4] at 4–5. In any event, the date of the IFP application would not control the filing date of the petition. *Jones*, 171 F.3d at 503 ("So long as an inmate gets the habeas petition to the prison officials within the prescribed time limit, his petition will be deemed timely for statute of limitations purposes regardless of whether it is accompanied by the five dollar filing fee or IFP application."). But to the extent that the date of the certificate on the IFP application may provide any indication of when the petition was given to prison officials, even if the petition was given to prison officials on May 8, 2019 and thus filed on that day, that would not change the result, because the last day of the limitations period was October 24, 2018. Absent equitable tolling, the petition is untimely.

## II. Equitable Tolling

Barlow argues that the late filing was not the result of negligence. [26] at 4–5. The court construes this argument as an argument for equitable tolling.

To qualify for equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The court begins with the extraordinary circumstances prong. *See Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) ("We take up the question of extraordinary circumstances first, because Socha's [petitioner's] diligence is best evaluated in light of that broader picture.").

"'Equitable tolling is granted sparingly' only when 'extraordinary circumstances far beyond the litigant's control . . . prevented timely filing.'" *Wilson*, 302 F.3d at 749 (alteration in original) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). "The Supreme Court recently reiterated that this element is met 'only where the circumstances that caused a litigant's delay are both extraordinary and beyond [his] control.'" *Carpenter v. Douma*, 840 F.3d 867, 872 (7th Cir. 2016) (quoting *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 756 (2016)).

Barlow explains that in January 2019, he was transferred from Menard Correctional Center to Hill Correctional Center. [26] at 4. In April 2019, he was transferred to a different cellhouse within Hill Correctional Center and met an inmate law clerk named Willie Scales. [26] at 4–5. Scales told Barlow that Scales could prepare a federal habeas petition for Barlow. [26] at 5. However, "lack of representation is not on its own sufficient to warrant equitable tolling, nor is a petitioner's lack of legal training." *Socha*, 763 F.3d at 685; *see also Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013) ("Lack of familiarity with the law . . . is not a circumstance that justifies equitable tolling."); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) ("[S]tanding alone, the lack of legal expertise is not a basis for invoking equitable tolling."). The record does not indicate extraordinary circumstances that prevented timely filing.[4]

As to reasonable diligence, the record does not support such a finding. The Seventh Circuit has instructed that "mere conclusory allegations of diligence are insufficient and reasonable effort throughout the limitations period is required." *Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018). Beyond the statement that the late filing was not due to negligence, the record does not provide facts that

---

[4] Barlow argues that he could not file a PLA on direct appeal because appellate counsel withdrew, and that he could not file a PLA on post-conviction review because a law clerk at Menard Correctional Center asked for money to handle the petition and he was unable to pay the law clerk. [26] at 4. But Barlow filed a pro se PLA on direct appeal, [23-2], and appellate counsel (the State Appellate Defender) filed a post-conviction PLA, [23-5].

could support a finding of reasonable diligence throughout the limitations period or a finding of equitable tolling.

### III. Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a dismissal is on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling." *U.S. ex rel. Topps v. Chandler*, 12-cv-03028, 2013 WL 1283812, at *9 (N.D. Ill. Mar. 26, 2013) (quoting *Slack v. McDaniel*, 529 U.S. 473, 485 (2000)). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* (quoting *Slack*, 529 U.S. at 484). The petition is clearly time-barred. Thus, the court declines to issue a certificate of appealability.

### IV. Notice of Appeal Rights

This is a final decision ending the case in this court. If petitioner wishes to appeal, he must file a notice of appeal in this court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). He need not bring a motion to reconsider this court's ruling to preserve his appellate rights. However, if he wishes the court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). A Rule 59(e) motion must be filed within 28 days of the entry of judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a motion pursuant to Rule 59(e) or Rule 60(b) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

### Conclusion

For the reasons given above, the motion to dismiss [19] is granted, the petition [2] is dismissed, and the court declines to issue a certificate of appealability.

Date: September 29, 2020              /s/ Martha M. Pacold